IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSAUCHESETTS

SARAH A. RAMEY

Plaintiff

v.                                                          No.

LAW OFFICES OF D. SCOTT CARRUTHERS

Defendant

## COMPLAINT

NOW COMES the Plaintiff, SARAH RAMEY, and her attorneys, KIMMEL & SILVERMAN, P.C., and for her Complaint against the Defendant, the law offices of D. SCOTT CARRUTHERS.

Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. Plaintiff is an adult individual who resides in Haverhill, Massachusetts.

3. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

4. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be companies collecting a consumer debt allegedly owed to another.

5. Defendant the law offices of D. Scott Carruthers is a law firm of the State of California with its principal place of business at 8448 Katella Avenue, Suite 100, Stanton, CA 90680.

6. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

7. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use

unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.

8. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

9. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

**FACTUAL ALLEGATIONS**

10. On or about June 19, 2009, Defendant the law firm of D. Scott Carruthers (hereafter "Carruthers") sent correspondence to Plaintiff alleging Plaintiff had defaulted on her "Household Bank account", account number 5440455008383674. A true and correct copy of said correspondence is attached hereto as Exhibit A.

11. Defendant failed to attach any documents showing that Defendant had been assigned, or was the successor in interest, to the debt allegedly owed by Plaintiff with regard to the "Household Bank" account.

12. Moreover, Defendant failed to reference or attach a signed agreement between Plaintiff and the original creditor, and the documents detailing the charges made on the account, the payments made by Plaintiff, the interest charges, and/or any late fees.

13. Defendant failed to even allege when the account went into default.

14. Finally, Defendant failed to provide any documents substantiating the total settlement amount sought.

15. Despite its failure to establish Plaintiff owed any debt, Defendant threatened sent a threatening letter on letterhead from a law firm.

16. In this letter, Defendant warns "If you have not contacted Regent to discuss this…within 14 days, I will begin preparing your case for a lawsuit to be filed…" See a true and correct copy of said correspondence, signed by Jason Bexten, attached hereto as Exhibit A.

17. Defendant failed to identify the entity referenced as Regent in its letter. Defendant failed to identify its relationship with Regent and the alleged relationship, if any, between Plaintiff and Regent.

18. Defendant's agent, Jason Bexten, then threatened to prepare Plaintiff's case for a lawsuit, despite the fact that Jason Bexten is not an attorney in the State of California. See a true and correct copy of said correspondence attached hereto as Exhibit A, and a true and correct copy of the attorney search of the State Bar of California attached hereto as Exhibit B.

19. Thus, Defendant engaged in the unauthorized practice of law in its efforts to collect from Plaintiff.

20. In a further effort to intimidate and humiliate Plaintiff, Defendant threatened to investigate Plaintiff's "employment, assets and banking information". See a true and correct copy of said correspondence attached hereto as Exhibit A.

21. Defendant then misrepresented "court costs and attorney fees will be added to the amount you owe", despite the fact that no court costs or attorney fees had been assessed against the Plaintiff. See a true and correct copy of said correspondence attached hereto as Exhibit A.

22. Shortly after receiving this misleading correspondence, Plaintiff checked her current accounts against the account referenced in Defendant's letter, and Plaintiff was unable to find a matching account in her records.

23. Confused about whether she had ever acquired this debt, Plaintiff contacted the alleged original creditor at 800-353-5406 and spoke with a representative named Cindy on or about June 26, 2009.

24. Plaintiff stated she did not believe she had opened the account referenced above.

25. Cindy, the representative to whom Plaintiff was speaking, advised Plaintiff the account was "locked" and Cindy was unable to access any of the statements attributed to this account.

26. At that time, Plaintiff was transferred to the Investigation Department, which advised Plaintiff that the Investigation Department was unable to verify the debt. Instead, the Investigation Department directed Plaintiff to contact the collections vendor.

27. Plaintiff contacted the collections vendor, who advised Plaintiff that it did not hold her account.

28. To date, no one has verified this debt belongs to Plaintiff, despite threatening legal action against Plaintiff.

29. At no time did Plaintiff ever receive a letter from Defendant, as required by 15 U.S.C. §1692(g)(a).

30. Moreover, as of the date of filing this Complaint, Defendant has not filed or served legal process for collection, by complaint or writ, and is further evidence that the threats made in Defendant's correspondence were made without intent to follow through.

## CONSTRUCTION OF APPLICABLE LAW

31. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

32. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). **The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).** "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a

remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

33. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d 1318.

## COUNT I

34. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the debt plaintiff does not as owe in violation of 15 U.S.C §1692d;

b) Misrepresenting the amount of the debt in violation of 15 U.S.C. § 1692e(2);

c) Giving the false impression that an individual is an attorney in violation of 15 U.S.C. §1692e(3);

d) Making deceptive, false or misleading representations when attempting to collect a debt in violation of § 15 U.S.C. §1692e;

e) Threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e(5);

f) Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

g) The collection of amounts expressly not permitted by law in violation of 15 U.S.C. §1692f(1);

h) Failing to send written notice of the alleged debt, in accordance with 15 U.S.C. §1692(g)(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 5th day of February, 2010

                                              Respectfully submitted,

Date: 2/ 5 /10                      By:

                                              /s/ Craig Thor Kimmel
                                          Craig Thor Kimmel, Esquire
                                          KIMMEL & SILVERMAN P.C.
                                          30 East Butler Avenue
                                          Ambler, PA 19002

                                          Phone: (800) 536-6652
                                          Facsimile (800) 863-1689